Craig J. Mariam (SBN: 10926)
Joseph P. Hardy (SBN: 7370)
GORDON & REES LLP
3770 Howard Hughes Parkway, Ste.100
Las Vegas, NV 89169
Telephone:  (702) 577-9300
Facsimile:   (877) 306-0043
Email:  cmariam@gordonrees.com
Email:  jhardy@gordonrees.com

Attorneys for plaintiff
VALLEY HEALTH SYSTEM LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VALLEY HEALTH SYSTEM LLC,<br><br>                              Plaintiff,<br><br>          v.<br><br>TOTAL ELECTRICAL SERVICES & SUPPLY CO. D/B/A TESSCO; CAPROCK HEALTHPLANS, INC.; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No. 2:10-cv-000949-LRH-LRL<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT TOTAL ELECTRICAL SERVICES & SUPPLY CO. D/B/A TESSCO'S AFFIRMATIVE DEFENSES; POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[proposed] order lodged |

        TO THIS HONORABLE COURT, TO ALL PARTIES AND THEIR COUNSEL OF

RECORD:

        PLEASE TAKE NOTICE that plaintiff Valley Health System LLC will move, and does

hereby move, this Honorable Court for an order striking certain of defendant's affirmative

defenses.  This motion arises under Federal Rules of Civil Procedure ("FRCP") 8 and 12(f),

allowing this Court to strike from any pleading any insufficient defense or any redundant,

immaterial, impertinent or scandalous matter.  This motion is also arises out of the precedent

established under *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and related precedent and authority.

/ / /

/ / /

/ / /

1    This motion is based on this notice, the attached memorandum of points and authorities,

2  the Court files and records of this action, and on such oral argument and testimony as may be

3  heard by the Court at the time of the hearing of this motion.

4

5  Dated:  July 16, 2010                                    GORDON & REES, LLP

6

7

8                                        By:  _/s/ Craig J. Mariam_____
                                             Craig J. Mariam  (SBN: 10926)
9                                            Joseph P. Hardy  (SBN: 7370)
                                             3770 Howard Hughes Parkway, Ste.100
10                                           Las Vegas, NV 89169
                                             Attorneys for plaintiff
11                                           VALLEY HEALTH SYSTEM LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO STRIKE AFFIRMATIVE DEFENSES

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION AND STATEMENT OF FACTS**

3          Plaintiff Valley Health System LLC is the owner and operator of a licensed hospital

4   commonly known as Valley Hospital Medical Center ("Hospital") located in Las Vegas, Nevada

5   and has brought this suit under Nevada law in an attempt to collect monies owed pursuant to

6   health care services provided to patient Kathy Shirley.  Defendant Total Electrical Services &

7   Supply Co. ("TESSCO") is or was Ms. Shirley's self-funded employer, and defendant Caprock

8   Healthplans, Inc. ("Caprock") was the third-party administrator of the "PPO Agreement"

9   described below.  This case was originally filed in Clark County District Court but was removed

10  pursuant to this Court's diversity subject matter jurisdiction.

11          Plaintiff seeks damages arising out of defendants' wrongful denial and refusal to pay for

12  medically necessary health care services due under a PPO Hospital Participation Agreement

13  ("2001 Agreement"), entered into on September 1, 2001, between plaintiff and Beech Street

14  Corporation ("Beech Street"), acting on behalf of TESSCO as the intended third party

15  beneficiary.  The 2001 Agreement was later amended, in part, on November 1, 2007.  (The 2001

16  Agreement, as amended, shall hereinafter be referred to as the "PPO Agreement.")

17          The basic terms of the 2001 Agreement are:

18          a)      The Hospital agreed to participate in a network of healthcare providers (the

19  "Network") to provide hospital services pursuant to the terms of the 2001 Agreement and at the

20  agreed upon rates of payment;

21          b)      Beech Street, on behalf of TESSCO, agreed to pay or arrange to pay the Hospital

22  for services provided by the Hospital.

23          The amendments made to the 2001 Agreement, and memorialized in the PPO Agreement,

24  include, but are not limited to, the following:

25          a)      The "Alternates Rates," as set forth in Ex. B-1, beginning in November 1, 2007

26  and continuing for twenty-four (24) months, would be amended;

27          b)      Specifically, as set forth in paragraph I of the PPO Agreement, "When

28  HOSPITAL's billed charges for a single uninterrupted stay exceeds the threshold listed below,

1    then HOSPITAL shall be reimbursed at a percentage of billed charges listed below, in lieu of the

2    contracted PER DIEMS, case rates, and exclusions/carve-outs listed in this Exhibit;"

3        c)    The "Stop Loss Threshold" would be $116,640/threshold and the

4    "Reimbursement Percentage" would be 60% of billed charges.

5        d)    Beech Street agrees "prior-authorized or concurrently reviewed services will not

6    be subject to retrospective review."

7        On January 9, 2009, the patient was admitted to the Hospital for medical care and

8    treatment until her discharge on January 24, 2008 (the "Hospital Stay").  Full knowledge,

9    consent and authorization for medical services and treatment was given for the patient during the

10   Hospital Stay in the amount of approximately $341,706.00.  Plaintiff sought to recover

11   $205,023.60, or 60%, of the patient's medical expenses, pursuant to the stop loss reimbursement

12   percentage set forth in the PPO Agreement, and submitted invoices to defendants for prompt

13   payment.  Caprock paid plaintiff a portion of the bill in the amount of $113,120.60, resulting in a

14   balance of $91,903.00 still owing.  Plaintiff made repeated requests for payment of the

15   $91,903.00 balance, but defendants have continued to deny payment without cause, claiming

16   certain charges were unbundled, duplicative, not sufficiently documented, or involved overstated

17   utilization for items charged.

18       On June 28, 2010, TESSCO served its answer and asserted twenty-eight[1] separate and

19   distinct affirmative defenses.  The vast majority of the asserted affirmative defenses are either (a)

20   insufficiently plead or (b) not recognizable as a matter of law.

21                          **II.  APPLICABLE LAW**

22       The procedure for properly raising and pleading an affirmative defense is governed by

23   the Federal Rules of Civil Procedure ("FRCP").  If an affirmative defense is not properly raised,

24   FRCP 12(f) permits a court to strike any insufficient defense or any redundant, immaterial,

25   impertinent, or scandalous matter from a pleading.  The purpose of a Rule 12(f) motion is to

26   avoid spending time and money litigating spurious issues.  *See Fantasy, Inc. v. Fogerty,* 984 F.2d

27   1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994), citing *Sidney-Vinstein*

28

[1] TESSCO mistakenly asserts two "Fifteenth Affirmative Defenses."

1     *v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  A defense is insufficiently plead if it fails

2     to give the plaintiff fair notice of the nature of the defense.  *See Wyshak v. City Nat'l Bank*, 607

3     F.2d 824, 827 (9th Cir. 1979).  A matter is immaterial if it has no essential or important

4     relationship to the claim for relief pleaded.  *See Fogerty*, 984 F.2d at 1527.  A matter is

5     impertinent if it does not pertain to, and is not necessary to, the issue in question in the case.  *Id.*

6          Further, whether an affirmative defense is valid as a matter of law is decided based on

7     substantive state law because federal courts exercising diversity jurisdiction apply the

8     substantive law of the state in which they are located to determine the applicability of affirmative

9     defenses.  See *Erie RR. Co. v. Tompkins*, 304 U.S. 64 (1938); *Snead v. Metro. Prop. & Cas. Ins.*

10    *Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001), *cert. denied*, 534 U.S. 888 (2001).

11
12       A.     **Many Of TESSCO's Affirmative Defenses Must Be Stricken Pursuant To The Procedural Standards Set Forth In *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal*.**

13

14         Many courts have stated that affirmative defenses are subject to a heightened pleading

15    standard.  In a 2007 anti-trust matter, the Supreme Court established a heightened standard for

16    pleading by abrogating the bare notice pleading standard allowed under FRCP 8(a) and requiring

17    responding parties to plead factual allegations sufficient to "raise a right to relief above the

18    speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Merely pleading the

19    bare elements of a cause of action without factual enhancement is no longer sufficient to state a

20    claim pursuant to FRCP 8.  *Id.* at 546, 557.

21         In 2009, the Supreme Court, in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), clarified that

22    the *Twombly* interpretation of FRCP 8 is not limited to anti-trust matters, but is applicable to all

23    federal civil actions.  *Id.* at 1953.  The Court established a two-part analysis for federal courts to

24    consider when determining whether pleadings meet this heightened standard.  First, the deciding

25    court should identify any conclusory pleading and, if found, should hold the pleading is not

26    entitled to a presumption of truth unless it is supported by well-pled factual allegations.  *Id.* at

27    1949.  Second, the court should determine whether the properly supported allegations are

28    sufficient to render the pleader's claim "plausible," not just "possible."  *Id.*  "A claim has facial

1   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2   inference that the defendant is liable for the misconduct alleged."  *Id.*

3         Since *Iqbal*, courts have extended the heightened pleading standard and analysis to the

4   pleading of affirmative defenses as well as claims, such that an affirmative defense without any

5   factual support is deemed insufficient under FRCP 8(c).  *See Hayne v. Green Ford Sales Inc.*,

6   263 F.R.D. 647, 650 (D.Kan. 2009) ("It makes no sense to find that a heightened pleading

7   standard applies to claims but not affirmative defenses."); *see also, CTF Dev., Inc. v. Penta*

8   *Hospitality, LLC,* 2009 WL 3517617, at *8 (N.D. Cal. Oct. 26, 2009) (Alsup, J.) ("Under the

9   *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an

10  affirmative defense.") (attached hereto as Exhibit 1); *Barnes v. AT&T Pension Benefit Plan*, No.

11  2010 WL 2507769 (N.D. Cal. June 22, 2010) (applying *Twombly* and *Iqbal* to affirmative

12  defenses) (attached hereto as Exhibit 2).  For example, in *Hayne*, the court found a statute of

13  limitations defense, among others, was insufficient because it made no reference to dates or time

14  period.  *Hayne*, 263 F.R.D. at 651.  Similarly, the court held a defense for comparative

15  negligence of others was insufficient because it did not indicate who the other individuals might

16  be.  *Id.*  The court also found a reference to a failure to mitigate damages by plaintiff was

17  insufficient because it did not suggest what plaintiff failed to do.  *Id.*

18        Many of TESSCO's affirmative defenses are insufficiently plead under Rule 8 and

19  pursuant to the rules set forth above because they present conclusory statements, unsupported by

20  well-pled factual allegations.  For example, TESSCO's First Affirmative Defense states, "The

21  Complaint and each purported claim for relief therein fails to state facts sufficient to constitute a

22  cause of action, or any action, against Defendant."  (Def. Ans. 5.)  As with the failure to mitigate

23  damages defense alleged in *Hayne*, this defense is insufficiently plead because it fails to suggest

24  how the claims for relief fail to state sufficient facts.  Further, TESSCO's Second Affirmative

25  Defense states, "If Plaintiff[s] sustained damages as a result of the incidents as alleged, such

26  damages, if any, were caused and contributed to by the conduct of Plaintiff, and such constitutes

27  a bar to any recovery or, in the alternative, any recovery obtained by Plaintiff should be reduced

28  to the extent such negligence or other wrongful conduct was a cause of the claimed damages."

1  (*Id.*)  This defense is insufficiently plead because it fails to allege facts indicating what plaintiff

2  has done to cause or contribute to the damages sustained.

3      In the interest of brevity, the following additional affirmative defenses asserted by

4  TESSCO are insufficiently plead:

5  ▪ Third Affirmative Defense: ". . . Defendant is entitled to comparative contribution

6      from all other persons, parties and/or organizations who are responsible for Plaintiff's

7      damages, if any."  (*Id.*)  Defendant has not stated sufficient facts, such as who the

8      other persons, parties or organizations may be.

9  ▪ Fourth Affirmative Defense: ". . . if Defendant were found to be legally responsible,

10     then it provisionally alleges that its legal responsibility is not the sole cause of the

11     damages, if any. . . ."  (*Id.*)  Defendant has not provided support for why it is not

12     legally responsible or what the other causes of damages may be.

13 ▪ Fifth Affirmative Defense: Plaintiff's "damages, if any, were caused and contributed

14     to by the wrongful conduct of those persons whose conduct on their part is imputed to

15     Plaintiff and constitutes a bar to any recovery by said Plaintiff. . . ."  (*Id.* at 5–6.)

16     Defendant has not identified any persons who may have engaged in wrongful conduct.

17 ▪ Sixth Affirmative Defense: "Plaintiff's Complaint and each purported claim for relief

18     of the Complaint therein appears to be barred by the applicable statutes of limitations."

19     (*Id.* at 6.)  Defendant has failed to provide facts to support this conclusion, such as

20     relevant dates or times.

21 ▪ Seventh Affirmative Defense: "Plaintiff's Complaint and each purported claim for

22     relief of the Complaint therein appears to be barred by the applicable statutes of

23     repose."  (*Id.*)  As above, Defendant has failed to provide facts to support this

24     conclusion, such as relevant dates or times.

25 ▪ Eight Affirmative Defense: "Plaintiff's Complaint and each purported claim for relief

26     of the Complaint therein appears to be barred by the applicable statutes of frauds."

27     (*Id.*)  Defendant has not stated facts to support this defense.

28

1   ▪ Tenth Affirmative Defense: "Plaintiff failed to bring this action within a reasonable

2       amount of time, all to the prejudice of Defendant and as such, Plaintiff is estopped by

3       the doctrine of la[]ches from now bringing these claims."  (*Id.*)  Defendant has failed

4       to provide facts to support this allegation, such as relevant dates or times, or how

5       Defendant was prejudiced.

6   ▪ Thirteenth Affirmative Defense:  "Plaintiff's claims are barred and/or diminished as a

7       result of failure of Plaintiff to exercise reasonable care in mitigating it damages."  (*Id.*

8       at 7.)  Defendant has failed to suggest what Plaintiff failed to do to mitigate its

9       damages.

10  ▪ Sixteenth Affirmative Defense: "Plaintiff's Complaint and each purported claim for

11      relief of the Complaint therein appears to be barred by the doctrine of waiver."  (*Id.*)

12      Defendant has failed to allege facts to suggest waiver by Plaintiff.

13  ▪ Seventeenth Affirmative Defense: "Plaintiff's Complaint and each purported claim for

14      relief of the Complaint therein appears to be barred by the doctrine of res judicata."

15      (*Id.* at 7–8.)  Defendant has not plead facts to explain why the Complaint and claims

16      therein are barred by this doctrine.

17  ▪ Twenty-Third Affirmative Defense: "Plaintiff's Complaint fails to name an

18      indispensable party, that is, one needed for just adjudication."  (*Id.* at 8.)  Defendant

19      fails to identify or provide facts suggesting who the indispensible party may be.

20  ▪ Twenty-Fourth Affirmative Defense: "Plaintiff's Complaint if preempted by ERISA

21      and all provisions therein."  (*Id.*)  Defendant fails to identify facts suggesting how the

22      Complaint is preempted by ERISA and, in fact, controlling authority expressly

23      provides that instant claims are *not* preempted by ERISA.  To the extent TESSCO

24      attempts to re-plead this defense, it would raise serious Rule 11 inquiry.  *See, e.g.,*

25      *Windisch, M.D. v. Hometown Health Plan, Inc.*, 2010 WL 786518 (D. Nev. Mar. 5,

26      2010) (attached hereto as Exhibit 3).

27  / / /

28  / / /

1   Accordingly, FRCP 12(f) permits this Court to strike the above-listed affirmative

2   defenses, pursuant to the law established by the Supreme Court in *Twombly*, *Iqbal*, and the

3   subsequent interpretations and applications of said law.

4   **B.    Many of Defendant's Affirmative Defenses Should Be Stricken As A Matter**
    **Of Law.**

5

6   "Affirmative defenses that are insufficient as a matter of law should be stricken." *D.E.*

7   *Shaw Laminar Portfolios, LLC v. Archon Corp.*, 570 F.Supp.2d 1262, 1271 (D. Nev. 2008),

8   citing *Donovan v. Schmoutey*, 592 F.Supp. 1361, 1402 (D.Nev. 1984).  To prevail on a motion to

9   strike an "insufficient defense," a plaintiff must show there is no issue of fact, nor any substantial

10  question of law, that might allow the defense to succeed.  *See E.E.O.C. v. Bay Ridge Toyota,*

11  *Inc.*, 327 F.Supp.2d 167, 170 (E.D.N.Y. 2004); *RDF Media Ltd. v. Fox Broadcasting Co.*, 372

12  F.Supp.2d 556, 561 (C.D.Cal. 2005).  For example, in *D.E. Shaw Laminar Portfolios*, the court

13  held defendant's equitable estoppel defense was properly stricken because defendant did not

14  allege each element of equitable estoppel, rendering the defense legally insufficient.  570

15  F.Supp.2d at 1271–72.  In *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*

16  677 F.2d 1045 (5th Cir. 1982), the court held that if an affirmative defense asserted under federal

17  antitrust law was invalid as a matter of law, a motion to strike should be granted.  *Id.* at 1057–58.

18  *See also Federal Deposit Ins. Corp. v. Butcher*, 660 F.Supp. 1274, 1283 (E.D. Tenn. 1987)

19  (finding the defenses of laches, waiver, and running of the statutes of limitations insufficient as a

20  matter of law because the suit was filed well within the statute of limitations and as soon as

21  practicable after obtaining that right).

22  Here, the following affirmative defenses are insufficient as a matter of law and should be

23  stricken without leave to amend because each defense fails to allege an issue of fact that might

24  allow the defense to succeed and/or fails to allege a substantial question of law that might allow

25  the defense to succeed.

26  **FIRST AFFIRMATIVE DEFENSE**

27  *The Complaint and each purported claim for relief therein fails to state facts*
    *sufficient to constitute a cause of action, or any action, against Defendant.*

28

1    The defense that a complaint fails to state facts sufficient to constitute a cause of action is

2 not a proper affirmative defense.  The proper vehicle for this defense is a motion to dismiss,

3 pursuant to FRCP 12(b)(6).  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 732 (9th

4 Cir. 1987), citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

5                               **NINTH AFFIRMATIVE DEFENSE**

6        *Plaintiff's conduct relative to Defendant and the relationship between Plaintiff
         and Defendant were such as to bring Defendant into this lawsuit with unclean
7        hands, and as such, Plaintiff is estopped from pursuing these claims.*

8    The defense that plaintiff is estopped from pursuing its claims due to unclean hands is not

9 a proper affirmative defense.  To prove the unclean hands doctrine, the Court must consider (1)

10 the egregiousness of the misconduct at issue, and (2) the seriousness of the harm caused by the

11 misconduct.  *Las Vegas Fetish and Fantasy v. Ahern Rental*, 182 P.3d 764, 767 (Nev. 2008).  In

12 the absence of egregious misconduct, as here, this defense fails.

13                           **TWENTY-SECOND AFFIRMATIVE DEFENSE**

14       *The Cause of Plaintiff's damages, if any, were open, obvious and known to said
         Plaintiff under the facts and circumstances relevant hereto, and said Plaintiff
15       voluntarily assumed all risks and dangers thereon, thereby barring said
         Plaintiff's claim for recovery.*
16

17    The defense of assumption of the risk is improper.  To the extent defendant relies upon a

18 theory of primary implied assumption of risk, this doctrine was abolished by the court's

19 comparative negligence statute.  *Turner v. Mandalay Sports Entertainment*, 180 P.3d 1172, 1177

20 (Nev. 2008).  To the extent defendant relies upon a theory of secondary implied assumption of

21 risk, this doctrine only applies when a plaintiff knowingly encounters a risk created by the

22 defendant's negligence.  *Id.* at 1177 n.22.  Here, no allegations of defendant's negligence have

23 been asserted.  Finally, no claims that plaintiff expressly assumed risk, either through contract or

24 other means, have been alleged by either party.  *Id.* at 1177.

25    Therefore, plaintiff requests this court strike the above-listed affirmative defenses

26 due to insufficiency as a matter of law.

27 / / /

28 / / /

**IV.**

**CONCLUSION**

Accordingly, plaintiff respectfully requests this court strike the above-listed affirmative defenses because they are insufficiently plead and are not recognizable as a matter of law.

Dated:  July 16, 2010                                    GORDON & REES LLP


                                                         By: _/s/ Craig J. Mariam_____
                                                              Craig J. Mariam  (SBN: 10926)
                                                              Joseph P. Hardy  (SBN: 7370)
                                                              3770 Howard Hughes Parkway, Ste.100
                                                              Las Vegas, NV 89169
                                                              Attorneys for plaintiff
                                                              VALLEY HEALTH SYSTEM LLC

MOTION TO STRIKE AFFIRMATIVE DEFENSES