1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                 * * *

9   VALLEY HEALTH SYSTEM LLC,          )
                                        )
10                  Plaintiff,          )        2:10-CV-0949-LRH-LRL
                                        )
11  v.                                  )
                                        )        ORDER
12  TOTAL ELECTRICAL SERVICES &         )
    SUPPLY CO.; et al.,                 )
13                                      )
                    Defendants.         )
14  _____)

15          Before the court is plaintiff Valley Health System LLC's ("Valley Health") motion to strike

16  affirmative defenses filed on July 16, 2010. Doc. #10.[1] Defendant Total Electrical Services &

17  Supply Co. ("TESSCO") filed an opposition (Doc. #16) to which Valley Health replied (Doc.

18  #22).

19  **I.      Facts and Procedural History**

20          This is an action for breach of contract. Plaintiff Valley Health alleges that TESSCO and

21  another defendant Caprock Healthplans, Inc. ("Caprock") failed to pay over ninety thousand

22  dollars ($90,000) in medical bills incurred by non-party Kathy Shirley ("Shirley"), a patient at

23  Valley Health, who had medical insurance through TESSCO and Caprock governed by a contract

24  known as the PPO Hospital Participation Agreement.

25

26          _____

                [1]Refers to the court's docket entry number.

1    On June 28, 2010, Valley Health filed the underlying complaint for breach of contract.

2  Doc. #1, Exhibit 1. In response, TESSCO filed an answer alleging twenty-eight (28) affirmative

3  defenses. Doc. #7. Thereafter, Valley Health filed the present motion to strike sixteen (16) of the

4  twenty-eight (28) affirmative defenses. Doc. #10.

5  **II.    Legal Standard**

6    A motion to strike an affirmative defense is brought pursuant to Federal Rule of Civil

7  Procedure 12(f), under which a court may strike "from any pleading any insufficient defense or

8  any redundant, immaterial, impertinent or scandalous material." FED. R. CIV. P. 12(f). Affirmative

9  defenses are governed by the same pleading standard as complaints. *Wyshak v, City Nat'l Bank,*

10  607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an

11  affirmative defense is whether it gives plaintiff fair notice of the defense.").

12    A complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading

13  standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That

14  is, a complaint must contain "a short and plain statement of the claim showing that the pleader is

15  entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

16  detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a

17  formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S.

18  Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

19    Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

20  accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949. A claim has

21  facial plausibility when the pleaded factual content allows the court to draw the reasonable

22  inference, based on the court's judicial experience and common sense, that the defendant is liable

23  for the misconduct alleged. *See id.* at 1949-50.

24  **III.    Discussion**

25    Valley Health seeks to strike sixteen (16) affirmative defenses from TESSCO's answer:

26

2

1  thirteen (13) for failure to plead the affirmative defenses with sufficient particularity to establish
2  fair notice of the defense and three (3) as a matter of law. Doc. #10. The court shall address each
3  argument below.
4      **A.  Pleading Insufficiency**
5      Valley Health seeks to strike TESSCO's Second, Third, Fourth, Fifth, Sixth, Seventh,
6  Eighth, Tenth, Thirteenth, Sixteenth, Seventeenth, Twenty-third, and Twenty-fourth affirmative
7  defenses for failure to plead the defenses with sufficient particularity.
8      The court has reviewed the documents and pleadings on file in this matter and finds that the
9  TESSCO has not alleged sufficient facts to provide notice to Valley Health as to the nature of its
10  affirmative defenses. In all of the affirmative defenses at issue TESCCO represents that Valley
11  Health is barred from recovering for the alleged breach of contract because of the existence of the
12  affirmative defense. But TESSCO does not point to the existence of some identifiable fact that
13  would make the affirmative defense plausible on its face. Further, TESSCO fails to allege what
14  behavior Valley Health engaged in that gave rise to the affirmative defenses and why these
15  defenses are applicable in this matter. Instead, TESSCO simply lists various conclusory statements
16  asserting the existence of an affirmative defense without stating a reason why that affirmative
17  defense might exist. Therefore, the court shall strike these thirteen (13) affirmative defenses.
18      Because the court is striking the aforementioned affirmative defenses for failure to give
19  sufficient notice of the nature of the defense, the court shall grant TESSCO leave to amend its
20  answer. *See Wyshak*, 607 F.2d at 826 (holding that if an affirmative defense is stricken for failure
21  to give sufficient notice, the court should grant the defendant leave to amend its answer).
22      **B.  As a Matter of Law**
23      Valley Health further seeks to strike TESSCO's First, Ninth, and Twenty-second
24  affirmative defense as a matter of law. TESSCO consents to the striking of its First and Twenty-
25  second affirmative defenses. Therefore, the court shall strike these two defenses with prejudice.
26
3

1            **1. Ninth Affirmative Defense**

2          TESSCO's Ninth affirmative defense provides that "Plaintiff's conduct relative to

3 Defendant and the relationship between Plaintiff and Defendant were such as to bring Defendant

4 into this lawsuit with unclean hands, and as such, Plaintiff is estopped from pursuing these

5 claims." Doc. #7. To establish a defense of unclean hands, a party must show (1) egregious

6 misconduct by one party, and (2) a serious harm caused to the other party by that conduct. *See Las*

7 *Vegas Fetish and Fantasy v. Ahern Rental*, 182 P.3d 764, 767 (Nev. 2008).

8          In their motion, Valley Health argues that the defense of unclean hands is improper in this

9 action because there are no allegations of egregious misconduct in TESSCO's answer. However,

10 TESSCO's answer alleges that Valley Health's medical charges of Shirley are "unbundled,

11 duplicative, not sufficiently documented, or involved overstated utilization for items charged"

12 which constitutes egregious conduct. The court finds that this allegation is sufficient to allege

13 egregious misconduct by Valley Health, and therefore the affirmative defense of unclean hands.

14 Accordingly, the court shall deny Valley Health's motion to strike as to TESSCO's Ninth

15 affirmative defense.

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26

1    IT IS THEREFORE ORDERED that plaintiffs' motion to strike affirmative defenses (Doc.

2  #10) is GRANTED in-part and DENIED in-part. The clerk of court shall STRIKE defendant's

3  Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Thirteenth, Sixteenth, Seventeenth,

4  Twenty-third, and Twenty-fourth affirmative defenses from defendant's answer (Doc. #7) without

5  prejudice.

6    IT IS FURTHER ORDERED that the clerk of court shall STRIKE defendant's First and

7  Twenty-second affirmative defenses from defendant's answer (Doc. #7) with prejudice.

8    IT IS FURTHER ORDERED that defendant is granted leave to file an amended answer

9  within twenty (20) days from entry of this order.

10    IT IS SO ORDERED.

11    DATED this 29th day of October, 2010.

12

13    _____

14    LARRY R. HICKS
      UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26